# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 9, 2018

v

JACOB LEE CASEY,

Defendant-Appellant.

No. 340228
Ionia Circuit Court
LC No. 2017-016980-FH

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

Defendant, Jacob Lee Casey, appeals as of right his jury trial conviction of operating a motor vehicle while intoxicated, MCL 257.625(1). The trial court sentenced him as a second-offense habitual offender, MCL 769.10, to 24 to 90 months' imprisonment. We affirm.

Casey challenges the sufficiency of the evidence. "This Court reviews de novo claims of insufficient evidence, viewing the evidence in the light most favorable to the prosecution, to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v Bennett*, 290 Mich App 465, 471-472; 802 NW2d 627 (2010). We "must draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011) (quotation marks and citation omitted). "We afford deference to the jury's special opportunity to weigh the evidence and assess the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 228-229; 749 NW2d 272 (2008). The prosecution is not required to "negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To establish the elements of operating a motor vehicle while intoxicated under MCL 257.625(1), the prosecution must prove that "(1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two, *or* with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood." *People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009). In this case, Casey argues that the evidence that he operated a motor vehicle and that he did so while intoxicated was insufficient. We disagree.

First, we conclude that there was sufficient evidence for the jury to find that Casey was driving the car involved in the accident. A witness who called 911 about the accident testified

that he saw a car going too fast down a hill, through a stop sign, and into a ditch. Two police officers who arrived at the scene of the accident saw a car in a ditch, and they learned that the car was registered to Casey. The witness who saw the accident also watched Casey's friends arrive and try to pull the car out of the ditch. One of Casey's friends testified that Casey drove the car involved in the accident shortly before the accident. Casey testified that the car was his, he had difficulty getting out of the driveway while driving the vehicle, and the car slid past the stop sign when he came down the hill on the dirt road. This testimony was sufficient for a reasonable jury to find that Casey was driving the car that was involved in the accident.

Next, we conclude that there was sufficient evidence for the jury to find that Casey was intoxicated while he was driving the car. Casey claims that he became intoxicated only after the accident while riding as a passenger to his apartment in his friend's truck. Casey testified that he may have had one or two shots before driving, but the police officer testified that Casey said, "I've been drinking all night." The police officer further testified that Casey's friend said that Casey had been drinking before driving the car that went into the ditch. The witness described his impression that the driver was driving drunk. In addition, a blood draw taken more than two hours after the accident showed Casey's blood alcohol level to be 0.185%, and the responding police officers described Casey as belligerent and unable to walk without assistance. Although Casey presented evidence that snow may have contributed to the accident, we reject Casey's assertion that the prosecution was required to disprove this alternative explanation for the jury to find Casey guilty of the offense. The jury reasonably chose not to credit Casey's testimony that he was not drunk when he drove the car in favor of other witness testimony showing that he was. Accordingly, we conclude that there was sufficient evidence for the jury to find Casey guilty of operating a motor vehicle while intoxicated.

We affirm.

/s/ Mart T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel